COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-01-302-CV

 
BRENDA GAIL
RAPE                                                             
APPELLANT
V.
M.O. DENTAL LAB, GERALD W.
CARTER,                               
APPELLEES
MICHAEL K. ZUBER, AND LORA ZUBER
------------
FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
------------
OPINION
------------
I. INTRODUCTION
This is a premises liability action in which Brenda Gail Rape sued M.O.
Dental Lab, Charlie Smith, Michael K. Zuber, Lora Zuber, and Gerald W. Carter
for personal injuries she sustained when she slipped in the parking lot at the
M.O. Dental Lab and fell to the ground. The trial court granted summary judgment
in favor of M.O. Dental Lab, Michael K. Zuber, Lora Zuber, and Gerald W. Carter.
Rape complains on appeal that the trial court erred in granting M.O. Dental
Lab's motion for summary judgment, and in denying Rape's motion for new trial,
because the summary judgment evidence raised a fact issue as to (1) whether
there was a dangerous condition on the premises and (2) whether M.O. Dental Lab
was negligent.
After holding that we have jurisdiction to hear this appeal, we reverse.
II. BACKGROUND FACTS
M.O. Dental Lab owned a business and building in Granbury, Texas. In her
pleadings, Rape alleged that she stopped at M.O. Dental Lab and parked her car
along the side of the building. As she walked from her car to the front door,
she slipped and fell on what she alleged was a "slippery mud
substance" on the sidewalk.
Rape brought a premises liability action to recover damages for injuries she
alleges she suffered as a result of the fall, alleging that M.O. Dental Lab and
the other defendants acted negligently in allowing the slippery mud substance to
accumulate and to create an unreasonably dangerous condition. M.O. Dental Lab,
the Zubers, and Carter moved for a traditional summary judgment on the ground
that Rape could not establish the existence of a condition posing an
unreasonable risk of harm.
Defendant Lora Zuber stated in her deposition testimony, furnished as summary
judgment proof by Rape, that it had rained sometime before the accident and
acknowledged that when it rained mud accumulated on the concrete slab where Rape
fell. Zuber stated that when it rained, "[t]here was a little sheet of mud
or dirt there," but no efforts were made to clear it off. Additionally,
when asked whether the mud was slippery to walk on, Zuber replied, "I'm
sure it is." Zuber testified, however, that no one else had ever informed
her or anyone in the office that he or she had slipped on mud on this concrete
slab. Zuber noted that, if any dirt or mud gathered on the slab, it would
eventually be washed or blown away by the weather. While Zuber never considered
mud on the pavement outside the building to be dangerous, she agreed that if
this mud was slippery and would cause a person to slip and fall, that would make
it a dangerous condition.
In June 2001, the trial court granted the defendants' motion for summary
judgment, stating in pertinent part:

 [T]he Court heard the Motion for Summary Judgment filed by Defendant, M O
 Dental Lab, Gerald W. Carter, Michael K. Zuber and Lora Zuber, and the Court,
 having examined the pleadings and the evidence finds the following facts exist
 without substantial controversy:
 
 1. No dangerous condition existed on the property as a matter of law; and
 2. The Defendant committed no acts of negligence in relation to this
 accident.
 
 It is therefore, ORDERED, ADJUDGED AND DECREED, that JUDGMENT in this cause
 be entered against Plaintiff and that costs be assessed against the Plaintiff.

 
Rape then filed a motion for new trial arguing that the court erred in
granting the summary judgment because the evidence was sufficient to create a
fact issue on both elements. After hearing the matter, the trial court denied
Rape's motion for new trial. Rape then timely filed a notice of appeal.
III. APPELLATE JURISDICTION
Before we address the merits of the issues presented to us, M.O. Dental Lab
asks us to determine whether we have jurisdiction to decide this appeal. M.O.
Dental Lab questions the finality of the summary judgment because the judgment
does not mention or dispose of named defendant Charles Smith. We only have
jurisdiction to consider an appeal taken from a final summary judgment. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Moreover, "[a]
judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record." Id.
As M.O. Dental Lab points out, Rape never served named defendant Charlie
Smith, and the record contains no pleadings or motions filed by Smith.
(1) Defendants M.O. Dental Lab, Michael Zuber, Lora Zuber, and Gerald
Carter ("M.O. Dental Lab") answered with general denials and jointly
filed a motion for summary judgment. Additionally, no orders appear in the
record addressing whether the claims against Smith were disposed of by
severance, nonsuit, dismissal, abandonment, or otherwise.
In Youngstown Sheet and Tube Co. v. Penn, the Supreme Court of Texas
addressed a similar case to the case at bar. 363 S.W.2d 230, 232 (Tex. 1962). In
Penn, the trial court granted a summary judgment expressly disposing of
all parties named in the petition, except one. Id. As in this case, the
party in question was never served with citation and did not answer. Id.
The Penn court held, "In these circumstances the case stands as if
there had been a discontinuance as to [the unserved party], and the judgment is
to be regarded as final for the purposes of appeal." Id.
Notwithstanding Lehmann, we hold that Penn controls this
case and that the trial court's order granting summary judgment is final for the
purposes of this appeal. Id.; see also Knie v. Piskun, 23
S.W.3d 455, 459-60 (Tex. App.--Amarillo 2000, pet. denied); Slater v. Nat'l
Med. Enters., 962 S.W.2d 228, 232 (Tex. App.--Fort Worth 1998, pet.
denied); Osborne v. St. Luke's Episcopal Hosp., 915 S.W.2d 906, 909
(Tex. App.--Houston [1st Dist.] 1996, writ denied).
IV. SUMMARY JUDGMENT
Rape contends that facts issues exist with respect to (1) whether there was a
dangerous condition on the premises and (2) whether M.O. Dental Lab was
negligent. We sustain the two issues raised by Rape.
A. SUMMARY JUDGMENT STANDARD OF REVIEW
In a summary judgment case, the issue on appeal is whether the movant met his
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999); Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282
(Tex. 1996); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant. Great
Am., 391 S.W.2d at 47.
In deciding whether there is a material fact issue precluding summary
judgment, all conflicts in the evidence are disregarded and the evidence
favorable to the nonmovant is accepted as true. Rhone-Poulenc, 997
S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d
170, 173 (Tex. 1995). Evidence that favors the movant's position will not be
considered unless it is uncontroverted. Great Am., 391 S.W.2d at 47; Myers
v. Doe, 52 S.W.3d 391, 395 (Tex. App.--Fort Worth 2001, no pet.).
A defendant is entitled to summary judgment if the summary judgment evidence
establishes, as a matter of law, that at least one element of a plaintiff's
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9
S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present summary
judgment evidence that negates an element of the plaintiff's claim. Once the
defendant produces sufficient evidence to establish the right to summary
judgment, the burden shifts to the plaintiff to come forward with competent
controverting evidence raising a genuine issue of material fact with regard to
the element challenged by the defendant. Centeq Realty, Inc. v. Siegler,
899 S.W.2d 195, 197 (Tex. 1995).
B. PREMISES LIABILITY
At common law, a negligence claim consists of three essential elements: (1) a
legal duty owed by one person to another; (2) a breach of that duty; and (3)
damages proximately resulting from the breach. El Chico Corp. v. Poole,
732 S.W.2d 306, 311 (Tex. 1987). In a premises liability cause of action, the
duty owed by a landowner or occupier to visitors to the land depends on the
legal relationship between the landowner and the visitor. Motel 6 G.P., Inc.
v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). Under Texas law, "[a]n invitee
is a person who enters the premises of another in answer to an express or
implied invitation from the owner or occupier for their mutual benefit." Montes
v. Indian Cliffs Ranch, Inc., 946 S.W.2d 103, 105 (Tex. App.--El Paso 1997,
writ denied). Both parties agree and it is evident from the summary judgment
record before us that Rape is properly classified as an invitee. See Rosas
v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975) (describing an
invitee as "one who enters on another's land with the owner's knowledge and
for the mutual benefit of both"). The premises owner or occupier owes an
invitee the "duty to exercise reasonable care to protect her from dangerous
conditions . . . known or discoverable to it." Wal-Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).
To prevail on her premises liability claim against M.O. Dental Lab, Rape must
establish each of four elements: (1) M.O. Dental Lab had actual or constructive
knowledge of some condition on its premises; (2) the condition posed an
unreasonable risk of harm; (3) M.O. Dental Lab did not exercise reasonable care
to reduce or eliminate the risk; and (4) M.O. Dental Lab's failure to use
reasonable care proximately caused Rape's injuries. See id.; Keetch
v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).
1. CONDITION POSING AN UNREASONABLE RISK OF HARM
In her first issue, Rape argues that there is a genuine issue of fact as to
whether the slippery mud substance was a condition posing an unreasonable risk
of harm. The Texas Supreme Court has stated, "A condition presenting an
unreasonable risk of harm is defined as one in which there is a sufficient
probability of a harmful event occurring that a reasonably prudent person would
have foreseen it or some similar event as likely to happen." Seideneck
v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754 (Tex. 1970). Furthermore,
there is "no definitive, objective test which may be applied to determine
whether a condition presents an unreasonable risk of harm." Id.
Indeed, as noted in opinions from our sister courts, "reasonableness
determinations such as the one here are fact-intensive inquiries and, as such,
are issues well-suited for a jury's determination." Brooks v. First
Assembly of God Church of Cleburne, 86 S.W.3d 793, 797 (Tex. App.--Waco
2002, pet. filed) (quoting Reliable Consultants, Inc. v. Jaquez, 25
S.W.3d 336, 342 (Tex. App.--Austin 2000, pet. denied)); Nevills v. H.E. Butt
Grocery Co., 38 S.W.3d 294, 296 (Tex. App.--Beaumont 2001, pet. denied)
(reversing directed verdict for store by holding that whether stock cart created
an unreasonable risk of harm was issue for jury).
For the reasons stated below, we agree with Rape that a fact issue exists
with respect to whether the slippery mud substance was a condition posing an
unreasonable risk of harm. Both in the summary judgment proceedings and on
appeal, M.O. Dental Lab bases its argument against the mud posing an
unreasonable risk of harm on Brownsville Navigation District v. Izaguirre,
829 S.W.2d 159, 160 (Tex. 1992), and Johnson County Sheriff's Posse, Inc. v.
Endsley, 926 S.W.2d 284, 287 (Tex. 1996).
In Brownsville Navigation District, the family of Epigmenio
Izaguirre brought a wrongful death action against the Brownsville Navigation
District, which had leased unimproved land to Izaguirre's employer. 829 S.W.2d
at 160. The lessee/employer constructed and operated a warehouse on the
property. Id. As a trailer was being loaded at a warehouse dock,
"[a] board was placed under the front supports [of the trailer] to keep
them from sinking into the ground, soft and muddy from recent rains." Id.
Izaguirre died when the board broke and the trailer upon which it was resting
fell over. Id. His representatives argued that the ground itself was an
unreasonably dangerous condition on the premises and should have been surfaced
with a more stable material. Id.
After a jury trial, the trial court entered judgment against the
District and other defendants, and the court of appeals affirmed the judgment. Id.
The District complained on appeal to the Supreme Court of Texas that the general
rule of non-liability for lessors should apply and that none of the exceptions
to such rule were applicable. (2) Id.
Subsequently, the supreme court reversed the court of appeals and rendered for
the defendants, holding that under the record before it, "[the ground] is
not a condition 'which involves unreasonable risk of physical harm to persons on
the land.'" Id. at 161. In so deciding, the court stated that
"[p]lain dirt which ordinarily becomes soft and muddy when wet is not a
dangerous condition of property for which a landlord may be liable." Id.
at 160. The court went on to say, "[T]he only dangerous condition
asserted by plaintiffs . . . is that the ground became soft and muddy when wet,
like any ordinary dirt." Id. at 161.
In Johnson County, Endsley was injured at a barrel racing event when
an unknown object, presumably a rock, was kicked into the air by a horse and
struck Endsley in the eye. 926 S.W.2d at 285. Endsley sued the Johnson County
Sheriff's Posse, which owned and rented out the arena where the accident
occurred. Id. As part of his claim, Endsley "alleged that the
existence of rocks on the arena floor created an unreasonably dangerous
condition." Id. The Posse moved for summary judgment on the ground
that, "as lessor of the premises, it owed no duty to its lessees'
invitees." Id. The trial court granted summary judgment to the
Posse; however, the court of appeals then reversed. Id. at 284-85. The
supreme court reversed the court of appeals and rendered judgment in favor of
the Posse, holding that the Posse was not liable, as none of the exceptions to
the general rule regarding lessor non-liability applied. Id. at 286.
The court further stated, "[t]here is no issue of fact because, as a matter
of law, a small rock or clod in rodeo arena dirt is not an unreasonably
dangerous condition." Id. at 286. To reach this conclusion, the
court applied the rationale in Brownsville Navigation District and in
dicta wrote, "The natural state of dirt, that it may be slippery when wet
or may contain small rocks, can present a hazard under the right conditions, but
not unreasonably so." Id. at 287.
Unlike this case, Johnson County addresses the natural state of
dirt, in and of itself. Id. at 286. Likewise, the facts in Brownsville
Navigation District indicate that the land was unimproved and that no
flooring lay beneath the ground itself; thus, the opinion centers on mud in its
natural state and environment. 829 S.W.2d at 160. In this case, we are focusing
on mud located on top of a paved surface. While Lora Zuber stated by deposition
that the dirt on the slab outside the M.O. Dental Lab naturally occurred with
rain or wind, the fact remains that the mud accumulated on a man-made surface. A
reasonable jury could determine from the record before us that an accumulation
of mud on a concrete slab posed an unreasonable risk of harm.
The holding in Furr's, Inc. v. Logan also provides some guidance in
this matter. 893 S.W.2d 187 (Tex. App.--El Paso 1995, no writ). In Furr's,
Logan sued for injuries she sustained in a slip and fall accident at a Furr's
grocery store. Id. at 189. In December 1989, Logan went to Furr's to
purchase purified water from a vending machine located outside of the store. Id.
While walking to the machine, Logan slipped on an icy sidewalk outside the store
and broke her ankle. Id. Before the accident, she had noticed that
water was pooling around the base of the machine, but she never saw the patch of
ice upon which she fell. Id. Furr's assistant manager testified at
trial that he was aware of the leaking machine and knew that water was running
onto the sidewalk. Id. Knowing the weather would cause water to freeze
on sidewalks, a Furr's employee salted part of the sidewalk before Christmas. Id.
at 189-90. The jury found Furr's 60 percent negligent and the owner of the
vending machine 40 percent negligent. Id. at 190.
On appeal, Furr's first argued that under Brownsville Navigation
District, "ice or water on the ground in plain view cannot be an
unreasonably dangerous condition." Id. at 190-91. In affirming the
court's judgment, the court of appeals held that Logan was entitled to a jury
determination on the issue of Furr's negligence "in failing to reduce or
eliminate the risk that she would slip and fall on ice that Furr's knew was
there." Id. at 191-92. The court distinguished Brownsville
Navigation District as a case involving "the liability of a lessor who
retained no control over the leased premises." Id. at 191.
Moreover, the court refused to broadly construe the holding in Brownsville
Navigation District to apply to the facts at issue in Furr's and
stated:

 [Brownsville Navigation District] does not purport to hold that a
 natural condition can never be the basis of premises liability, nor does it
 hold that where an invitee is aware or should be aware, to some degree, of the
 risk involved in a condition, that the owner is never liable as a matter of
 law.

Id.; see also Brazoria County v. Davenport, 780
S.W.2d 827, 829-30 (Tex. App.--Houston [1st Dist.] 1989, no writ)
(upholding a jury's findings of gross negligence in holding there was evidence
that the defendant knew of the dangerous condition of a slippery sidewalk and
did nothing to fix it). Both Brownsville Navigation District and Johnson
County focus on the natural state of the ground itself, unlike ice on a
sidewalk, as in Furr's and Brazoria County, or mud on a
concrete slab, as in this case. We cannot say that M.O. Dental Lab established
that the alleged mud accumulation did not pose an unreasonable risk of harm as a
matter of law. We hold that the trial court erred in granting the summary
judgment and denying Rape's motion for new trial on that issue. We sustain
Rape's first issue.
2. ACTS OF NEGLIGENCE
In her second issue, Rape argues that there is a genuine issue of fact as to
whether M.O. Dental Lab was negligent. Our decision might be easier but for the
fact that M.O. Dental Lab's motion for summary judgment is incomplete in the
relief it requests. As noted earlier, the trial court's order granting summary
judgment found no issues of fact on the two issues Rape argues before us. M.O.
Dental Lab's motion for summary judgment, however, only requested relief on the
first issue and says in pertinent part: "Defendant's motion for summary
judgment seeks to negate the 'unreasonably dangerous' condition element of a
premises liability claim."
Rule 166a(c) of the Texas Rules of Civil Procedure explicitly states,
"The motion for summary judgment shall state the specific grounds therefor."
Tex. R. Civ. P. 166a(c). The Texas Supreme Court has strictly interpreted Rule
166a(c) and concluded that a defendant's motion for summary judgment must
expressly present the grounds upon which it is made and must stand or fall
solely on these grounds. McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993); see also Cadenhead, 13 S.W.3d at 863
(applying McConnell in a premises liability case).
Because M.O. Dental Lab's motion for summary judgment did not expressly raise
whether there is a fact issue as to the negligence of M.O. Dental Lab, the trial
court's judgment cannot be affirmed on that issue. Accordingly, we sustain
Rape's second issue.
V. CONCLUSION
Having sustained both of Rape's issues, we reverse and remand this case for a
trial on the merits.
ANNE GARDNER
JUSTICE
PANEL A: DAY and GARDNER, JJ.; and JOHN HILL, J. (Retired, Sitting by
Assignment).
[DELIVERED JANUARY 9, 2003]

1. Plaintiff's Original Petition states, "The
location for service of Defendant Charlie Smith is unknown at this time, so no
citation is requested."
2. With limited exception, a lessor owes no duty to
tenants or their invitees for dangerous conditions on the leased property. Cadenhead
v. Hatcher, 13 S.W.3d 861, 863 (Tex. App.--Fort Worth 2000, no pet.).
The three recognized exceptions arise from: (1) the lessor's negligent repairs;
(2) concealed defects of which the lessor was aware at the time the premises was
leased; and (3) a defect on the portion of the premises that remained under the
lessor's control. Johnson County, 926 S.W.2d at 285. If one of these
exceptions applies, the lessor owes its tenant or tenant's invitees the duty of
ordinary care. Parker v. Highland Park, Inc., 565 S.W.2d 512, 514-15
(Tex. 1978) (citing Restatement (Second) of Torts §§ 360, 361 (1965)).