Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

IN RE: PORFIRIO MIRANDA, R.N., )
 No. 08-03-00487-CV

)


 Relator.
)
 AN ORIGINAL PROCEEDING

)


)
 IN MANDAMUS

)



OPINION ON PETITION FOR WRIT OF MANDAMUS



 This is an original proceeding in mandamus. Porfirio Miranda, R.N., Relator, seeks a writ
of mandamus requiring the Honorable Gonzalo Garcia, Judge of the 210th District Court of El Paso
County, to vacate an order granting a new trial after his plenary power had expired. For the reasons
stated below, we conditionally grant relief.

FACTUAL SUMMARY


 George and Rosa Colomo, individually and as parents of Ramon Colomo, deceased, filed a
medical malpractice suit against Porfirio Miranda, R.N., David Raphael, M.D., Daoud Nasir, M.D.,
and the El Paso County Hospital District. Miranda and Nasir filed answers but Raphael was never
served and did not appear. The Colomos later non-suited the El Paso County Hospital District. On
October 30, 2002, Miranda and Nasir filed a "no evidence" motion for summary judgment. They
specifically noted in their motion for summary judgment that Raphael had not been served. Judge
Sam Paxson, then Judge of the 210th District Court, granted summary judgment in favor of Nasir
and Miranda on December 13, 2002. On January 10, 2003, the Colomos filed a motion for new trial
but it was overruled by operation of law on February 26, 2003. Assuming the summary judgment
was final, the trial court lost plenary power on March 28, 2003, thirty days after the motion for new
trial was overruled by operation of law. 

 On July 14, 2003, Miranda and Nasir filed a motion to sever their case from that of Raphael. 
About the same time, the Colomos filed a motion for reconsideration of the December 13, 2002
judgment. In their response, Miranda and Nasir argued that the summary judgment granted on
December 13, 2002 was a final judgment and the trial court's plenary power had expired. On
October 16, 2003, Judge Gonzalo Garcia, Judge of the 210th District Court, granted the Colomo's
motion for reconsideration and set aside the December 13, 2002 judgment. Miranda and Nasir both
filed petitions for writ of mandamus.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, § 1.4(1)(b) at 47 (2d Ed.
1979).

FINALITY OF THE JUDGMENT


 The issue before us is whether the summary judgment granted on December 13, 2002 was
final. So the trial court's plenary power had expired and the order granting the Colomo's motion to
reconsider is void. Mandamus is proper if a trial court issues an order after its plenary power has
expired because such an order is void. In re Southwestern Bell Telephone Company, 35 S.W.3d 602,
605 (Tex. 2000); In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998). In such a case, the relator need
not show it did not have an adequate appellate remedy. Southwestern Bell, 35 S.W.3d at 605.

 In Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962), the Supreme
Court addressed a situation identical to the instant case. The trial court granted a summary judgment
which disposed of all parties in the case except one, a defendant who had never been served and did
not answer. Id. at 232. The Supreme Court held:

 In these circumstances, the case stands as if there had been a discontinuance as to
[the unserved party], and the judgment is to be regarded as final for the purposes of
appeal. 


Id.


 But the Colomos argue that the rule in Youngstown did not survive Lehmann v. Har-Con
Corporation, where the Supreme Court held that a judgment is final for purposes of appeal only if
it disposes of all pending parties and claims in the record. See Lehmann v. Har-Con Corporation,
39 S.W.3d 191, 195 (Tex. 2001). As noted by Miranda and Nasir, Lehmann did not involve a
named, but unserved, defendant and it did not purport to overrule Youngstown. No intermediate
appellate court has held that Lehmann effectively overruled Youngstown. To the contrary, the Fort
Worth Court of Appeals has expressly held that Youngstown applies despite Lehmann. Rape v. M.O.
Dental Lab, 95 S.W.3d 712, 714-15 (Tex.App.--Fort Worth 2003, pet. filed)(holding that
Youngstown controls notwithstanding Lehmann, and therefore, summary judgment which did not
expressly dispose of claims against unserved defendant was final for purposes of appeal). Courts
have continued to apply Youngstown's rule to find a summary judgment final even though it did not
dispose of an unserved and unnamed defendant. See Kidwell v. Black, 104 S.W.3d 686, 689
(Tex.App.--Fort Worth 2003, pet. denied); Hogarty v. Abernathy, No. 09-03-119-CV, 2003 WL
21947104 at *2 (Tex.App.--Beaumont, August 14, 2003, no pet.); Hayes v. Woods, No. 05-00-001121-CV, 2001 WL 727347 at *1, n.1 (Tex.App.--Dallas June 29, 2001, no pet.); Hodges v.
Canyon Creek Ridge No. 1 Homeowners Association, Inc., No. 05-00-01848-CV, 2002 WL 418201
at *2 (Tex.App.--Dallas Mar 19, 2002, no pet.).

 There is no indication in Lehmann that the Supreme Court intended to overrule Youngstown. 
Therefore, we conclude that the summary judgment entered on December 13, 2002 was a final
judgment for purposes of appeal and the 210th District Court lacked plenary power to set aside the
judgment. We conditionally grant the writ of mandamus. The writ of mandamus will issue only if
the 210th District Court refuses to set aside its October 16, 2003 order.



March 25, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.