Dismissed and Memorandum Opinion filed April 29, 2004









Dismissed and Memorandum Opinion filed April 29, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00932-CV

____________

 

PATRICIA BONTON, Appellant

 

V.

 

MICHAEL SCOTT
WITTMER,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 787,416

 



 

M E M O R A N D U M   O P I N I O N

The county court dismissed Patricia Bonton=s suit against
Michael Scott Wittmer for lack of jurisdiction. 
Bonton filed a pro se appeal in which she contends the county court
erred in dismissing her suit instead of transferring it to the appropriate
court.  We dismiss for lack of
jurisdiction.

PROCEDURAL BACKGROUND








On January 31, 2003, Bonton filed suit
against Wittmer, Specialty Risk Services, and Airborne Express.  Bonton claimed she suffered property and
bodily injury damages in excess of $1,000,000 in a car accident that occurred
on or about February 4, 2001.  Wittmer
was properly served with citation, but Specialty Risk Services and Airborne
Express were not.

On May 6, 2003, Wittmer filed a motion to
dismiss for lack of jurisdiction, claiming the county court lacked jurisdiction
because the amount in controversy exceeded the statutory maximum for the
court.  On May 19, 2003, the court held a
hearing on the motion and granted it. 
The court=s order dismissed the claims against
Wittmer, but it made no reference to the claims against either Specialty Risk
Services or Airborne Express.

On June 11, 2003, Wittmer filed a motion
for entry of final judgment.  On July 17,
2003, the court entered an order dismissing the claims against all of the
defendants.

On July 24, 2003, Bonton filed her notice
of appeal and this appeal followed.

ANALYSIS

I.        Nature
of the Appeal.

We must first determine whether the court=s May 19, 2003
order dismissing the claims against Wittmer was final.  If the order was final, then Bonton is
limited to filing a restricted appeal because she did not file her notice
within thirty days of the order.[1]  See Tex.
R. App. P. 26.1.








As a general rule, an appeal may only be
taken after a final judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  AA judgment is
final for purposes of appeal if it disposes of all pending parties and claims
in the record, except as necessary to carry out the decree.@  Id. 
When a plaintiff does not serve a defendant and there is no indication
she ever intends to do so, the case stands as if there had been a
discontinuance to that defendant.  Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962).[2]  In that circumstance, a judgment that finally
disposes of all parties that had been served is considered final for the
purposes of appeal.  Id.

Because Bonton did not serve Specialty
Risk Services or Airborne Express and there is no evidence she intended to do
so, the trial court=s May 19, 2003 order was final for the
purposes of appeal.  Therefore, Bonton=s July 24, 2003
notice of appeal was not within the thirty-day deadline for a traditional
appeal, and Bonton is limited to bringing a restricted appeal.  See Tex.
R. Civ. P. 26.1.

II.       Requirements
for a Restricted Appeal.








In order for a restricted appeal to
succeed, (1) it must be brought within six months after the judgment is signed
(2), by a party to the suit, (3) who did not participate in the hearing that
resulted in the judgment or file a timely post-judgment motion, request for
findings of fact and conclusions of law, or other notice of appeal, and (4) the
claimed error must be apparent on the face of the record.  Conseco Fin. Servicing v. Klein Indep.
Sch. Dist., 78 S.W.3d 666, 670 (Tex. App.CHouston [14th
Dist.] 2002, no pet.); see also Tex.
R. App. P. 30.  The extent of
participation in a hearing that will preclude a restricted appeal depends on
the nature of the proceeding.  Texaco,
Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996).  The issue is not whether a party attended the
hearing, but whether the party Ahas participated
in >the decision‑making
event= that results in
judgment adjudicating [her] rights.@  Id.; accord Rivero v. Blue
Keel Funding, L.L.C., 127 S.W.3d 421, 423B24 (Tex. App.CDallas 2004, no
pet.).

Bonton did not attend the May 19, 2003
hearing on the motion to dismiss for lack of jurisdiction.  Instead, she submitted a response motion,
which included her arguments in response to Wittmer=s motion to
dismiss and her  request that the hearing
be removed from the docket.  Because she
availed herself of her opportunity to respond to the motion and presented her
arguments to the court, she participated in the Adecision-making
event@ that resulted in
dismissal.  Cf. Texaco, 925
S.W.2d at 589 (A[A] party who has taken part in all steps
of a summary judgment proceeding except the hearing on the motion has participated
in the >actual trial= that determined
the parties rights.@).

Further, when jurisdiction is challenged
based on the amount in controversy, the plaintiff=s pleadings are
generally determinative.  See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Arteaga v.
Jackson, 994 S.W.2d 342, 343 (Tex. App.CTexarkana 1999,
pet. denied) (AWhen a plaintiff specifically pleads an
amount below the jurisdiction of the district court, he has effectively pleaded
himself out of court.@). 
The court could determine from Bonton=s pleadings alone
that the amount in controversy was outside its jurisdiction.  See Tex.
Gov=t Code ' 25.0003(c)(1) (providing a county court
with jurisdiction over Acivil cases in which the matter in
controversy exceeds $500 but does not exceed $100,000, . . . as alleged on the
face of the petition@). 
Thus, the hearing was not necessary to decide the motion.

Because Bonton failed to demonstrate that
she did not participate in the hearing, she is not entitled to a restricted
appeal.  Accordingly, we dismiss
appellant=s restricted appeal for lack of
jurisdiction.

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed April 29, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.











[1]  We note that
Bonton filed a motion for rehearing on June 30, 2003.  A motion for rehearing may be considered a
motion for new trial, thus extending the deadline to ninety days.  Finley v. J.C. Pace Ltd., 4 S.W.3d
319, 320 & n.1 (Tex. App.CHouston [1st Dist.] 1999) (order); see also Tex. R. Civ. P. 71; Tex. R. App. P. 26.1(a).  However, Bonton=s motion
for rehearing was also not filed within thirty days of the order.  Thus, if the order was final, the motion for
rehearing was also not timely filed and the court=s
plenary power would have expired.  See
Tex. R. Civ. P. 329b(a); see
also Lane Bank Equip. Co. v. Smith S. Equip. Co., 10 S.W.3d 308, 310
(Tex. 2000).





[2]  As we
previously noted in Wilkins v. Methodist Health Care Sys., 108 S.W.3d
565, 569 n.12 (Tex. App.CHouston [14th Dist.] 2003, pet. granted), it is
unclear whether Youngstown survives Lehmann v. Har‑Con Corp.,
39 S.W.3d 191, 205 (Tex. 2001).  Two of
our sister courts have expressly held that Youngstown survives Lehman.  See In re Miranda, ___ S.W.3d
___, No. 08‑03‑00487‑CV, 2004 WL 594956, at *2B3 (Tex. App.CEl Paso
March 25, 2004, no pet. h.); In re Nasir, ___ S.W.3d ___, No. 08‑03‑00489‑CV,
2004 WL 594978, at *2B3 (Tex. App.CEl Paso
March 25, 2004, no pet. h); Rape v. M.O. Dental Lab, 95 S.W.3d 712, 715
(Tex. App.CFort Worth 2003, pet. filed).  Other courts also have continued to apply Youngstown.  See Miranda, 2004 WL 594956, at
*2 (citing decisions by the Beaumont and Dallas Courts of Appeals); Nasir,
2004 WL 594978, at *2 (same).  Youngstown,
a pronouncement by the Supreme Court, involved a summary judgment proceeding
and has been applied for many years.  Lehmann
did not involve an unserved defendant and does not clearly overrule Youngstown.  For these reasons, we will continue to follow
Youngstown until directed not to follow it.