**In re Robert D. SHEPPARD, M.D.
and EmCare, Inc., Relators.**

**Nos. 01–05–00375–CV, 01–05–00449–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 30, 2006.

Christopher Dean Demeo, Richard A. Sheehy, Sheehy, Serpe & Ware, Houston, TX, for Appellant.

David A. Bickham, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Relators, Robert D. Sheppard, M.D. and EmCare, have filed petitions for a writ of mandamus or, in the alternative, for a writ of prohibition, to challenge an order signed on January 31, 2005, by the respondent trial court,[1] which denied rela-

---

1. The Honorable Caroline Baker, judge of the 151st District Court of Harris County, Texas. The underlying lawsuit is styled, under the plaintiff's last amended petition in the record presented, *Luis Ochoa v. Cooper Manufacturing Corporation, Cypress Fairbanks Medical*

tor's motion to dismiss the underlying lawsuit filed by the real party-in-interest, Louis Ochoa, as plaintiff. In their petitions here,[2] as in the trial court, relators contend that the trial court lost plenary power over the lawsuit on May 31, 2004, because, on April 30, 2004, the trial court had dismissed Ochoa's claims with prejudice against the only defendant that Ochoa had served. Relators contend that the dismissal constituted a final judgment because the only remaining defendant, Cooper Manufacturing Corporation (Cooper), was never served and did not appear. We conclude that the mandamus record demonstrates that, although Ochoa had not effected service on Cooper, Ochoa intended to serve Cooper and intended to continue his claims against Cooper. We therefore deny relators' petition for a writ of mandamus.

## Background

The underlying lawsuit is a negligence action for personal injuries claimed by Ochoa, whose pertinent pleadings allege that he sustained serious injuries in an accident on premises owned and operated by Cooper, and that Dr. Sheppard negligently treated Ochoa's injuries at Cypress Fairbanks Medical Center (the hospital). On August 29, 2003, Ochoa filed his original petition, in which he identified Cooper, the hospital, and Dr. Sheppard as defendants.[3] The hospital, however, was the only defendant served with notice of the lawsuit. Ochoa attempted service, but did not succeed in serving defendant Cooper, described by Ochoa as a "Texas corporation which may be served with process by serving its registered agent, A.C. Teichgraeber" at a Houston address. Ochoa filed a first amended petition on November 21, 2003, in which he reasserted claims against the hospital and Cooper, but omitted Dr. Sheppard from the list of named defendants. The first amended petition was not served on Cooper.

On April 30, 2004, eight months after the original petition was filed, the trial court ordered Ochoa's claims against the hospital dismissed with prejudice "for failure to timely file an expert report that conforms to the expert reporting requirements under § 13.01 of Article 4590i" of the Medical Liability Improvement Act.[4]

Center, Inc., Robert D. Sheppard, M.D., Em Care, Inc., CMC Liquidating Corporation, and National Oilwell, Inc., No. 2003–4939, in the 151st District Court of Harris County, Texas.

2. A writ of prohibition directs a lower court to refrain from some act, and a writ of mandamus commands a lower court to perform some act. Tilton v. Marshall, 925 S.W.2d 672, 676 n. 4 (Tex.1996). The same principles govern both writs when they are invoked to correct allegedly unlawful assumption of jurisdiction by an inferior court. Id. The writ of prohibition ordinarily issues, however, to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of a judgments or orders by a superior court. See Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex.1989) ("The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments."). Because these circumstances are not present here, relator has improperly requested a writ of prohibition.

3. Ochoa's original petition described Dr. Sheppard as a hospital employee, but it is undisputed that Dr. Sheppard works for relator EmCare, Inc., and is not a hospital employee.

4. See TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d), (e) (Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 1.01–12.01, 1977 Tex. Gen. Laws 2039–53, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884) (repealing entirety of article 4590i) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a), (b)(1)-(2) (Vernon 2005)); see also Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541, 542 n. 2 (Tex.2004) (noting codification of former article 4590i and codification of House Bill 4 at TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001–.507).

Four months after dismissal of the hospital, on August 13, 2004, Ochoa filed a second amended petition. This petition included both Sheppard and EmCare as named defendants. Relator Sheppard was served on September 3, 2004; relator EmCare was served on September 16, 2004.

On November 11, 2004, relators moved to dismiss Ochoa's claims. They argued in their motion that the trial court's plenary power had expired on May 30, 2004 because (1) Cooper had not been served and had not answered, and, therefore, (2) the April 30, 2004 dismissal of the hospital pursuant to 4590i constituted a final judgment as to all parties and claims. Their motion alternatively requested that respondent enter a new docket-control order with a new trial date. According to the existing docket-control order, the deadline to join parties was August 8, 2004, and trial was set for December 6, 2004.

Ochoa responded to relators' motion to dismiss on January 3, 2005. As in response to relators' petitions here, Ochoa argued that neither the parties, the respondent trial court, nor the district clerk had "treated" the April 30, 2004 dismissal of the hospital as a final, appealable order. Ochoa supported his response with the affidavit of his counsel, who stated that Ochoa had "never abandoned his suit against Cooper," offered explanations for not serving Cooper, and also stated that Ochoa was pursuing additional parties. Ochoa contends that he thus demonstrated his intent to serve Cooper, the unserved defendant, in accordance with *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 674 (Tex. 2004). On January 31, 2005, the trial court denied relator's motion to dismiss.

### Availability of Mandamus Relief

■ A court of appeals may issue a writ of mandamus, "agreeable to the principles of law regulating those writs," against a judge of a district court. TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon 2004). Mandamus is an extraordinary remedy, that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004)); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *In re Taylor,* 113 S.W.3d 385, 389 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding).

■ A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *See Walker,* 827 S.W.2d at 839; *In re Taylor,* 113 S.W.3d at 389. The abuse-of-discretion standard has different applications in different circumstances. *Walker,* 827 S.W.2d at 839. Because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law, we review this category of discretionary rulings de novo. *See Walker,* 827 S.W.2d at 840. In contrast, when we review a ruling that results from the trial court's having resolved underlying facts, we must defer to the trial's factual resolutions and any credibility determinations that may have affected those resolutions and may not substitute our judgment for the trial court's judgment in those matters. *See id.* at 839–40.

■ "Jurisdiction" refers to a court's authority to adjudicate a case. *See Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003). Whether a trial court has jurisdiction is a question of law. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004) (subject-matter jurisdiction); *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002) (personal jurisdiction).

 A relator who demonstrates that the order or judgment challenged is void need not demonstrate that remedy by appeal is inadequate. *In re S.W. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)). A void judgment results when the trial court had (1) no jurisdiction over the parties or subject matter, (2) no jurisdiction to render the judgment, or (3) no capacity to "act as a court." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995). Errors that render a judgment merely voidable, as opposed to void, may be corrected through the customary appellate process or other proceedings. *See id; see also Decker v. Lindsay*, 824 S.W.2d 247, 249 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding) (holding that void order must exceed court's authority to act and not be merely erroneous). It is well-settled that an order signed after the trial court's plenary power has expired is void. *See State ex rel. Latty*, 907 S.W.2d at 486; *In re Taylor*, 113 S.W.3d at 390; *In re Miranda*, 142 S.W.3d 354, 356 (Tex.App.-El Paso 2004, orig. proceeding).

### Plenary Power

 Relators contend that the respondent trial court's April 30, 2004 order dismissing the hospital constituted a final judgment as a matter of law over which the trial court lost plenary power 30 days later, specifically, on May 31, 2004. A trial court retains plenary power over its judgment until that judgment becomes final. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993). "[R]egardless of whether an appeal has been perfected," the trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX.R. CIV. P. 329b(d). The date on which the trial court signs the judgment "determine[s] the beginning of the periods . . . for the court's plenary power." TEX.R. CIV. P. 306a(1). Parties may extend this initial 30-day period of plenary power by timely filing a motion that seeks a substantive change in the judgment within that 30-day period. TEX.R. CIV. P. 329b(a), (e), (g); *see Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000); *In re T.G.*, 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (op. on reh'g).[5]

No party filed a postjudgment motion seeking a substantive change in the respondent trial court's dismissal order within 30 days after the court signed that order on April 30, 2004. If the dismissal order was a final order as to all parties and all claims, then the trial court lost plenary power on the 30th day after the April 30, 2004, or on May 31, 2004.

### Unserved Defendants—Finality

 A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). To determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to

---

5. Appropriate motions include a motion for new trial or a motion to modify, correct, or reform the judgment. *See* TEX.R. CIV. P. 329b (a), (e), (g); *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 310 (Tex.2000); *In re T.G.*, 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (op. on reh'g). Pursuant to subsections (g) and (h) of rule 329b, parties may extend the trial court's plenary power over its judgment and also extend the applicable appellate timetables by timely filing a rule 329b motion or a motion that has the same effect as a rule 329b motion. *See* TEX.R. CIV. P. 329b(g), (h); *Lane Bank Equip. Co.*, 10 S.W.3d at 310; *In re T.G.*, 68 S.W.3d at 176; *see also* TEX.R.APP. P. 26.1 (governing time to perfect appeal in civil cases).

the record in the case. *Id.* The record "illumin[ates] whether an order ... that all parties appear to have treated as final may be final despite some vagueness in the order itself." *Id.* There must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. The supreme court further noted that "an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise." *Id.*

■ More specifically, a judgment is final for purposes of appeal when (1) a judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that plaintiff ever expected to obtain service on the unserved defendants, such that the case "stands as if there had been a discontinuance" as to the unserved defendants. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962); *see also M.O. Dental Lab.,* 139 S.W.3d at 674–75 (holding that decision in *Penn* survives *Lehmann* ); *In re Miranda,* 142 S.W.3d at 357 (conditionally granting writ of mandamus on grounds that trial court had lost plenary power 30 days after summary judgment disposed of all defendants except defendant that remained unserved).

■ The procedural posture of the parties before us differs, however, from the procedural posture of the parties in *Lehmann, Penn,* and *M.O. Dental Lab.,* which were in the appellate court seeking to appeal final summary judgment orders. *See Lehmann,* 39 S.W.3d at 195; *M.O. Dental Lab.,* 139 S.W.3d at 673–75; *Penn,* 363 S.W.2d at 232. Because the dismissal for failure to file an expert report was not appealed here, the question is not whether

the dismissal order is a final order for purposes of appeal, as in *Lehmann, Penn,* and *M.O. Dental,* but rather whether the trial court lost plenary power to act over pending claims against an unserved defendant. *See Lehmann,* 39 S.W.3d at 195; *M.O. Dental Lab.,* 139 S.W.3d at 674–75; *Penn,* 363 S.W.2d at 232. The question before us, therefore, is a matter of first impression that specifically asks whether the trial court lost plenary power or authority over claims pending against an unserved defendant merely because the trial court dismissed claims against another defendant that had not filed an expert report. We conclude that the trial court does not lose plenary power over a matter merely because one defendant remains unserved when the only other defendant's claims are dismissed for failure to file a required expert report.

■ Unlike summary judgments, dismissals with prejudice under former article 4590i occur early in litigation because the expert report must be filed within 180 days of the filing of the original petition. *See* former TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d), (e) (current version at TEX. CIV. PRAC. & REM.CODE § 74.351(a), (b)(1)-(2) (Vernon 2005)). One purpose of the statute was to reduce frivolous claims. *Am. Transitional Care Ctrs. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001). The dismissal of the claims against the hospital here occurred early in litigation, eight months from the time the original complaint was filed.

That the litigation had only proceeded for eight months, or for any particular length of time, is neither our principal focus nor dispositive, but does pertain to our examination of the mandamus record for evidence that demonstrates that Ochoa intended to serve the unserved defendant Cooper and intended to continue his lawsuit after the trial court dismissed the

hospital. For example, if the stage of litigation is comparable to the *Penn* and *M.O. Dental Lab.* cases—summary judgments entered for all other defendants in the case at the culmination of the lawsuit—a plaintiff's failure to serve a defendant, absent evidence to the contrary, can only mean that the plaintiff does not intend to serve the defendant and has discontinued the case against that defendant. *See M.O. Dental Lab.*, 139 S.W.3d at 673–75; *Penn*, 363 S.W.2d at 232. But, if, as here, the stage of litigation is early, the matter involves ongoing discovery that has not been completed,[6] and the dismissal is against a served defendant pursuant to former article 4590i, a statute intended to reduce frivolous claims early in litigation, then the plaintiff's failure to effect service on a defendant is not tantamount to lack of intent to serve that defendant. That Ochoa attempted to serve Cooper and continued to assert claims in an amended petition against Cooper are additional facts in the mandamus record before us here that demonstrate that Ochoa did not wish to discontinue his lawsuit against Cooper, but rather, wished to continue it. These circumstances, in the context of this case, show that service on the defendant was intended and that the lawsuit would be continued. *See M.O. Dental Lab.*, 139 S.W.3d at 674–75; *Penn*, 363 S.W.2d at 232.[7]

■■■■ Relators contend that fundamental law holds that Cooper was not a party to this case until it was served with citation and petition. As authority, relators refer to *Cotton v. Cotton*, 57 S.W.3d

---

6. A "no evidence" motion for summary judgment may only be made "after an adequate time for discovery." Tex.R. Civ. P. 166a(i). A "traditional" motion for summary judgment, however, may be made at any time after the adverse party has answered or appeared, but typically relies on evidence obtained through discovery. Tex.R. Civ. P. 166a(a)-(c) (stating, "The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response ... show that ... there is no genuine issue as to any material fact...."). Ochoa pleaded that discovery would be conducted under level two, which provides that the discovery period begins when the suit is filed and continues until 30 days before the date of the trial setting, or nine months after the first oral deposition or first due date of the first response to written discovery, whichever date is the earlier date. *See* Tex.R. Civ. P. 190.3. Because trial was set for December 6, 2004, the discovery period for this case would end in early November 2004, or perhaps as early as early June 2004, if discovery had begun on August 29, 2003, when Ochoa filed his original petition. *See id.* Regardless of the actual day that discovery would have been completed here, the mandamus record shows that the period for discovery was still under-

way when the trial court dismissed the claims against the hospital on April 30, 2004 for failure to file an expert report.

7. We recently stated, in a memorandum opinion, that a judgment was final under circumstances that showed that one defendant's claim was dismissed with prejudice for failure to timely file an expert report, as here, and that one defendant was never served, as here. *See Mocega v. Urquhart*, No. 01–04–00172–CV, 2005 WL 1365431, at *1–2 (Tex.App.-Houston [1st Dist.] 2005, no pet. h.) (memo op.). In *Mocega*, however, the plaintiff filed suit on July 16, 1999, but, because the case was reversed on appeal, the dismissal for failure to timely file an expert report occurred on November 5, 2003, about four and one-half years after the filing of the original petition. *See id.* The record in that case, therefore, affirmatively demonstrated that plaintiff had abandoned the lawsuit against the unserved defendant, who remained unserved after four and one-half years. *See id.* More importantly, we did not rely exclusively on the failure to serve Mocega as a basis for concluding that the judgment was final because the trial court had entered a nonsuit of the case involving the unserved defendant. *See id.* We are not persuaded, therefore, that *Mocega* is inconsistent with our decision here.

506, 511 (Tex.App.-Waco 2001, no pet.)[8] and *TAC Americas, Inc. v. Boothe,* 94 S.W.3d 315, 318 (Tex.App.-Austin 2002, no pet.).[9] We agree with relators that the trial court did not have personal jurisdiction over Cooper on April 30, 2004 because Cooper had not been served and had not made an appearance. *See Cotton,* 57 S.W.3d at 511; *Boothe,* 94 S.W.3d at 318. But the issue here is not the trial court's lack of authority to enter a judgment against Cooper. The issue here is whether the mere fact that the trial court had not yet obtained personal jurisdiction over Cooper resulted in the trial court's loss of subject-matter jurisdiction over the entire matter, a matter that no one disputes was properly within the subject-matter jurisdiction of the trial court. Our determination in this case, therefore, is not whether the trial court had the power to render judgment against Cooper, but rather, whether the dismissal order was a final resolution of all claims and all parties, such that the trial court lost plenary power over the entire lawsuit. *See M.O. Dental Lab.,* 139 S.W.3d at 674–75; *Penn,* 363 S.W.2d at 232.

We conclude that we have no "clear indication that the trial court intended the order to completely dispose of the entire case." *See Lehmann,* 39 S.W.3d at 205. We further conclude that Ochoa should not have "reasonably regarded as final" the dismissal order against the hospital as a disposition of all of his claims against all parties. *See id.* at 205. Although our examination of the record shows that Coo-

per was not yet served, facts in the record suggest that service on Cooper was expected and the case does not therefore stand "as if there had been a discontinuance" as to Cooper. *See Penn,* 363 S.W.2d at 232. We therefore conclude that, although service had not been effected on Cooper and although the trial court had no personal jurisdiction over Cooper, the mandamus record does not show that the trial court had lost plenary power.

## Conclusion

We deny relators' request for mandamus relief and deny relators' petition for writ of prohibition.

Chief Justice RADACK, concurs.

SHERRY RADACK, Chief Justice, concurring.

I agree with the majority decision to deny relators' petitions, but would deny the petition for a writ of mandamus because relators have not demonstrated a clear right to relief. Well-settled principles demand that a relator who seeks relief in an original proceeding demonstrate a "clear right" to the action that the relator seeks to compel or to foreclose. *See Tilton v. Marshall,* 925 S.W.2d 672, 682 (Tex. 1996); *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979). To warrant the relief requested by writ of mandamus here, relators must conclusively establish that the trial court had an unequivocal and ministerial duty to surrender jurisdiction—either

---

8. "For any court to obtain in personam jurisdiction over a person, the person must be given notice of the suit." *Cotton v. Cotton,* 57 S.W.3d 506, 511 (Tex.App.-Waco 2001, no pet.). "Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer upon the trial court jurisdiction over a person." *Id.*

9. "Generally, the purpose of citation is to give the court jurisdiction over the parties and to provide notice to the defendant that it has been sued by a particular party, asserting a particular claim, in order to satisfy due process and allow the defendant the opportunity to appear and defend the action." *TAC Americas, Inc. v. Boothe,* 94 S.W.3d 315, 318 (Tex. App.-Austin 2002, no pet.).

because it was undisputed that Ochoa never expected to serve Cooper, *see Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962), or because of lack of demonstrated "intent" by Ochoa to serve Cooper. *See M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 674 (Tex.2004). Because relators have not conclusively established either contention, I would deny their petition for a writ of mandamus.