**Opinion issued July 16, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00750-CV

———————————

## OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellant

## V.

## MAGDALENO VILLEGAS, Appellee

---

**On Appeal from the 353rd District Court**
**Travis County, Texas[1]**
**Trial Court Case No. D-1-GN-14-005236**

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this court. *See* Misc. Docket No. 17-9066 (Tex. June 20, 2017); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of the Court of Appeals for the Third District and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

Magdaleno Villegas was injured in an automobile collision with Jorge Arellano, who was intoxicated at the time of the collision. Villegas sent a demand letter to Arellano's insurer, Old American County Mutual Fire Insurance Company. Old American denied Villegas's claim because its insured, Arellano, had not been sued and because of an exclusion in Arellano's policy. Villegas then sued Arellano. Old American denied coverage and declined to provide Arellano a defense based on exclusions in the insurance policy and misrepresentations Arellano made on his application for the policy. The trial court entered a default judgment in favor of Villegas, and it issued a turnover order requiring Arellano to turn over to Villegas any claim or cause of action he possessed against Old American.

Villegas sued Old American alleging that it breached duties owed to Arellano including: breach of contract, breach of statutory duties, and negligence based on its handling of Villegas's claims arising from the collision. The case was submitted to the court on agreed facts, and the trial court entered judgment in favor of Villegas.

Old American raises six issues on appeal,[2] including a challenge to the validity of turnover order, which judicially assigned Arellano's first-party insurance claims

---

[2] In issues 1 and 3, Old American challenges the trial court's interpretation of the insurance policy. Issue 2 challenges the reasonableness of Old American's actions in regard to the *Stowers* claim. Issue 4 challenges the sufficiency of the evidence. Issue 5 contends that the default judgment for unliquidated damages was not

to Villegas. Because the turnover order was not based on a final judgment, it is void and the trial court lacked subject matter jurisdiction to enter a judgment in favor of Villegas based on Arellano's first-party insurance claims. Accordingly, we vacate the judgment against Old American.

## Background

Magdaleno Villegas filed suit against Jorge Arellano and Maria D. Martinez for damages he sustained in a head-on collision with Arellano, who was driving a vehicle owned by Martinez. Villegas alleged claims for negligence, negligence per se, and gross negligence against Arellano. Villegas alleged that Martinez had negligently entrusted her car to Arellano.

Arellano did not answer the lawsuit. On March 19, 2015, the trial court entered default judgment against Arellano in the amount of $254,838.44, including $150,000 in exemplary damages. The default judgment did not address the negligent entrustment claim against Martinez, whose name was listed in the caption. Just above the signature block appeared the statement: "This judgment does not dispose of all claims and all parties, and is not appealable."

---

obtained in a fully adversarial trial. Finally, issue 6 asserts that the turnover order is void, and therefore, the trial court lacked subject matter jurisdiction.

3

About seven months after the trial court entered the default judgment, it granted Villegas's application for turnover relief pursuant to Chapter 31 of the Texas Civil Practice and Remedies Code. The turnover order required Arellano to

> turn over any and all claims or causes of action he may have now or in the future, including but not limited to the *Stowers* action and the failure to defend action, against Old American County Mutual Fire Insurance and Empower Insurance Group or associated entities, including their principals, agents, representatives, subsidiaries, parents, assigns, successors, and any affiliated or associated entities of whatever kind, are hereby awarded and turned over to Plaintiff MAGDALENO VILLEGAS.

Villegas filed an amended petition on April 25, 2016. The amended petition included the previously asserted claims against Arellano and Martinez, and it added claims against the insurers, which Villegas asserted "pursuant to the turnover order" that assigned Arellano's claims to him. After a bench trial in June 2017, the court rendered a "final judgment," in which the court "determined it had jurisdiction over the subject matter and the parties in this proceeding." Old American was ordered to pay the full amount of damages awarded in the default judgment, $254,838.44. The judgment also stated: "All relief not granted herein is denied. This Judgment disposes of all claims and all parties, is final and appealable."

**Analysis**

On appeal, Old American contends that the turnover order is void because it was granted in the absence of a final judgment. Old American further contends that because the turnover order—which purported to give Villegas standing to assert

4

Arellano's first-party insurance claims—is void, the trial court lacked subject matter jurisdiction.

## I.  The default judgment was interlocutory.

A judgment is final for purposes of appeal if it "disposes of all pending parties and claims in the record," "finally disposes of all remaining parties and claims . . . regardless of its language," or "clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200, 205 (Tex. 2001). "To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case." *Id.* at 205–06. "The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case." *Id.* at 200.

Villegas's original petition alleged negligence claims against Arellano and a negligent entrustment claim against Martinez. The default judgment, which was taken four months after Villegas filed suit, disposed of the claims against Arellano. It made no mention of the negligent entrustment claim against Martinez. It did not "clearly and unequivocally" state that it finally disposed of all claims and parties. To the contrary, it stated that it did "not dispose of all claims and all parties," and it was "not appealable." Because the default judgment did not satisfy *Lehmann*, Old American contends that it was interlocutory.

5

Relying on *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962), Villegas argues that the default judgment was final because Martinez was "a party in name only because she was the owner of the car." In *Penn*, the trial court granted summary judgment dismissing all but one defendant, who had not been served and who had not filed an answer. *Penn*, 363 S.W.2d at 232. The Texas Supreme Court noted that there was "nothing to indicate that petitioner ever expected to obtain service upon" the remaining defendant, and it held that "the case stands as if there had been a discontinuance" and that the summary judgment should "be regarded as final for the purposes of appeal."[3] *Id.* Thus, in addition to the situations described in *Lehmann*, a judgment may also be final when "(1) a judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that plaintiff ever expected to obtain service on the unserved defendants." *In re Sheppard*, 193 S.W.3d 181, 186–87 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding [mand. denied]) (discussing *Penn*); *see also First Dallas Petroleum, Inc. v. Hawkins*, 715 S.W.2d 168, 169–70 (Tex. App.—Dallas 1986, no writ) (construing *Penn* in light of Rules of Civil Procedure).

---

[3] This holding from *Penn* was not overruled by *Lehmann*. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004).

6

Villegas maintains that he did not pursue the negligent entrustment claim. He stresses that Martinez was never served with process and no return of service or citation appear in the appellate record. But the appellate record does not support a conclusion that Villegas never expected to obtain service on Martinez because the default judgment occurred early in the case and allegations in Villegas's live pleading reveal an expectation to proceed with litigation against Martinez.

***Timing of the default judgment.*** The default judgment expressly disposed of some but not all defendants: it resolved the claims against Arellano but not against Martinez. The no-answer default judgment occurred early in the case, just four months after the suit was filed. "Failure to effect service of process against an unserved defendant cannot, however, be read as 'tantamount to lack of intent to serve that defendant,' in cases in which the other defendants have been dismissed at an early stage in the case." *Fisher v. Med. Ctr. of Plano*, No. 05-14-01441-CV, 2015 WL 73441, at *1 (Tex. App.—Dallas Jan. 6, 2015, no pet.) (mem. op.) (quoting *Sheppard*, 193 S.W.3d at 188).

***Pleading regarding service of process.*** The original petition identified Martinez, provided her last known address, and stated that she "may be served with citation at that address via private process server." This statement is inconsistent with a conclusion that Villegas never intended to serve her.

***Repleaded claims in second amended petition rebut finality of default judgment.*** The trial court issued the turnover order seven months after rendition of the default judgment. No post-judgment motions appear in the appellate record. If the default judgment were final, the court's plenary power would have expired 30 days after rendition of the default judgment, except for the court's "inherent power to enforce its judgments." *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); TEX. R. CIV. P. 308, 329b. But rather than filing a new lawsuit to assert Arellano's turned-over first-party insurance claims, six months after the turnover order was signed, Villegas filed a second amended petition in the same cause number as the original suit against Arellano and Martinez. Villegas's second amended petition named Martinez as a defendant, included her last known address and a statement that she could be served there by private process server, and asserted a claim for negligent entrustment against her.

\* \* \*

Villegas's (1) pleadings regarding Martinez's amenability to service, (2) failure to file a postjudgment motion to clarify the finality of the default judgment, (3) repleading claims against Martinez, and (4) adding first-party insurance claims by amendment instead of filing a new lawsuit together support our conclusion that the default judgment was interlocutory because each of these actions is some evidence of an intent to serve Martinez. *See, e.g.*, *In re Minter Elec. Co.,*

8

*Inc.*, 277 S.W.3d 540, 544 (Tex. App.—Dallas 2009, orig. proceeding [mand. denied]) (record showed intent to serve unserved defendant when it was early in litigation, petition stated where unserved defendant could be served, unserved defendant continually included in amended pleadings, and court struck through word "final" in the Final Judgment heading).

## II.     The turnover order was void.

"A turnover order is a statutory procedural device that permits a trial court to order a judgment debtor to turn over nonexempt property that is in the judgment debtor's possession or control." *In re Raggio-2204 Jesse Owens, LLC*, No. 03-18-00213-CV, 2018 WL 3384692, at *2 (Tex. App.—Austin July 12, 2018, orig. proceeding) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE § 31.002. "Without a final judgment, a turnover order is void." *Raggio-2204 Jesse Owens*, 2018 WL 3384692, at *2 (quoting *In re Alsenz*, 152 S.W.3d 617, 620 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding)). The turnover order was based on the default judgment. Having concluded that the default judgment was interlocutory, we hold that the turnover order was void.

## III.    The trial court lacked subject matter jurisdiction because Villegas lacked standing to bring first-party insurance claims against Old American.

"Subject matter jurisdiction is essential to a court's authority to decide a case." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). "A party's

standing to sue is implicit in the concept of subject-matter jurisdiction and is not presumed; rather, it must be proved." *Linegar v. DLA Piper LLP (US)*, 495 S.W.3d 276, 279 (Tex. 2016) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46). Standing is a question of law, which we review de novo. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154–55 (Tex. 2012). Standing requires a "concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Id.* at 154. It requires a showing that the plaintiff himself—not a third party of the public at large—was personally injured. *Id.* at 155; *see Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484–85 (Tex. 2018).

Villegas asserted claims for breach of contract, breach of common law duties, negligence in claim settlement, and breach of various statutory duties, including duties arising from the Texas Insurance Code, Texas Deceptive Trade Practices Act, and the Texas Safety Responsibility Act. His claims were asserted from Arellano's perspective: for example, Villegas alleged that Old American breached its contractual duty to Arellano. Considering our holding that the turnover order was void, Villegas had no right to assert first-party claims that belong to Arellano.[4]

---

[4] Without a a valid turnover order, Villegas did not have the right to sue Old American directly, and the record does not show that Villegas had a contractual relationship with Old American. *See Jefferson v. Geico Cty. Mut. Ins. Co.*, No. 05-17-01033-CV, 2018 WL 6333246, at *4 (Tex. App.—Dallas Nov. 29, 2018, no pet.) (mem. op.) (reversing summary judgment as to one plaintiff when evidence showed that she had a contractual relationship with insurer at time of accident); TEX. R. CIV. P. 38. Common law claims for unfair settlement practices belong to the insured. "[A]

10

Because Villegas lacked standing, the trial court lacked subject matter jurisdiction as to the claims asserted against Old American.

## Conclusion

We vacate the judgment of the trial court and remand for further proceedings.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

---

claim that an insurer negligently failed to settle an injured party's action against an insured belongs to the insured, and the injured party has no standing to assert it absent an assignment of the claim." *Balog v. State Farm Lloyds*, No. 08-00-00324-CV, 2001 WL 997412, at *2 (Tex. App.—El Paso Aug. 30, 2001, no pet.) (mem. op., not designated for publication).