**Motion Denied; Appeal Dismissed and Memorandum Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00103-CV

---

### JARED DOUET AND JASALYN MOSBEY-DOUET, Appellants

### V.

### PAPILLON ROMERO, BOBBY SULLIVAN, AND UNITED REALTY ADVISORS, Appellees

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2018-38090**

---

### MEMORANDUM OPINION

This is the second appeal brought by appellants Jared Douet and Jasalyn Mosbey-Douet from two orders: an order granting defendant Bobby Sullivan's no-evidence motion for summary judgment, signed August 14, 2020; and an order granting defendant Papillon Romero's motion for summary judgment, signed August 20, 2020. That appeal was before this court as appeal number 14-20-00632-CV. Appellants filed a motion to dismiss their appeal. The motion stated

defendant URE Houston, LLC, had not been dismissed or non-suited, thus the judgments were not final and appealable. We construed the motion as one for voluntary dismissal under Texas Rule of Appellate Procedure 42.1(a)(1), granted the motion, and dismissed the appeal. We explained that "[o]ur grant of appellant's motion should not be construed as a conclusion regarding this court's appellate jurisdiction." After an order of non-suit dismissing appellants' claims against URE Houston was signed, appellants again appealed.

Appellee Romero has filed a motion to dismiss for lack of jurisdiction on the basis that the August 20, 2020 judgment *was* final. Romero contends the notice of appeal was therefore untimely filed and we are without jurisdiction. *See* Tex. R. App. P. 26.1. Appellants filed a response, to which appellee filed a reply. For the reasons stated below, we deny appellee Romero's motion but dismiss the appeal because the record does not reflect there is a final judgment.

In their original petition, appellants named URE Houston as a defendant. In their First Amended Original Petition, filed March 25, 2019, appellants named United Realty Advisors ("URA") as a defendant; URE Houston is not named at all. The parties agree that URA was not served.

Subsequently, the trial court granted two motions for summary judgment in favor of the only two remaining parties, Sullivan and Romero. The August 20, 2020, summary judgment only denies relief "as against the Defendant Papillon Romero." There is no language of finality in the body of the order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). The word "FINAL" was added in front of "ORDER GRANTING DEFENDANT PAPILLON REOMERO'S [sic] MOTION FOR SUMMARY JUDGMENT." The docket sheet provides "ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED."

2

Absent language of finality, the August 20, 2020, Romero judgment is a final judgment "if it actually disposes of all claims still pending in the case. Thus, an order that grants a motion for partial summary judgment is final if in fact it disposes of the only remaining issue and party in the case, even if the order does not say that it is final, indeed, even if it says it is not final." *Lehmann*, 39 S.W.3d at 204.

URE Houston was not a remaining defendant when judgment was granted in favor of Romero because it had been effectively dismissed from the suit by the amended petition. Tex. R. Civ. P. 65; *Webb v. Jorns*, 488 S. W.2d 407, 409 (Tex. 1972) (for explanation that an amended pleading acts as voluntary dismissal of omitted defendant).[1] The issue is whether appellee URA was a remaining defendant on August 20, 2020. There is no dispute URA was not served, but that is not determinative if appellants expected to obtain service. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (summary judgment expressly disposing of all named parties other than party that record reflected was not served, did not answer, and plaintiff did not expect to obtain service upon, stood "as if there had been a discontinuance" as to that party, and judgment was regarded as final for purposes of appeal); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex. 2004) (summary judgment that failed to address claims against all named defendants was final when record affirmatively showed plaintiff never intended to serve remaining defendant, did not request citation be issued for that defendant, and appealed judgment without indicating it was not final because she intended to serve remaining defendant); *Broderick v. Universal Health Services, Inc.*, No. 05-16-01379-CV, 2018 WL 1835689, at *2 (Tex. App.—Dallas Apr. 18, 2018, no pet.).

---

[1] Appellants non-suited URE Houston, and the trial court signed a January 22, 2021 order to memorialize that, but URE Houston had already been dismissed by the amended pleading.

In this case, it is undisputed that appellants requested service of citation. In considering whether there is evidence in the record before us that appellants expected to obtain service, we consider a case form our sister court, *Taylor v. Jones*, No. 01-16-00999-CV, 2017 WL 6327375, at *1 (Tex. App.—Houston [1st Dist.] Dec. 12, 2017, no pet.) (mem. op.):

> Here, the summary judgment order "does not unequivocally express an intent to dispose of all claims and all parties" but specifically disposes only of Taylor's claims against AOF/Houston. *Crites*, 284 S.W.3d 841. A judgment that "expressly disposes of some, but not all defendants," is final when remaining defendants have not been served or answered and "nothing in the record indicates that plaintiff ever expected to obtain service on the unserved defendants, such that the case 'stands as if there had been a discontinuance' as to the unserved defendants." *In re Sheppard*, 193 S.W.3d 181, 187 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding) (quoting *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). A failure to effect service of process against an unserved defendant does not, by itself, demonstrate a lack of intent to serve the defendant. *In re Sheppard*, 193 S.W.3d at 188.
>
> . . .
>
> Nothing in the record indicates that Taylor did not expect to obtain service on Jones or had discontinued her suit as to him. Accordingly, a signed, written order disposing of Taylor's claims against Jones would be necessary for a final, appealable judgment. *See Wanzer v. Mendoza*, No. 04–05–00505–CV, 2005 WL 2368007, at *1 (Tex. App.–San Antonio Sept. 28, 2005, no pet.) (mem. op.) (citing *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004)). Because the November 21, 2016 order does not dispose of all parties and all claims in the trial court proceeding, we conclude that the order is not final and appealable.
>
> We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

*Id.* at *2.

The record before us does not demonstrate that appellants did not expect to obtain service on URA or had discontinued their suit as to URA. *See* Tex. R. Civ. P. 161. Because the judgment against Romero contains no language of finality, and all parties and all claims in the trial court were not disposed of, we dismiss this interlocutory appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). Romero's motion to dismiss is also denied.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.