# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00561-CV

---

**The Faith P. and Charles L. Bybee Foundation a/k/a
Texas Pioneer Arts Foundation, Appellant**

**v.**

**Douglas J. Knutzen; Douglas and Diana Knutzen Family Partnership, Ltd;
Douglas and Diana Knutzen Family Partnership Two, Ltd;
Knutzen Family GP, LLC; and Knutzen Family GP Two, LLC, Appellees**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2020V-099, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

Before we address the merits of this appeal, we must first consider issues affecting our jurisdiction. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) (instructing "we must consider issues affecting our jurisdiction sua sponte"); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). I conclude that the trial court's summary-judgment order was not a final, appealable order because it expressly disposed of only the Knutzen Parties; however, ten days before the entry of the order, the Foundation filed an amended petition that asserted claims against additional defendants and requested service of process on those additional defendants. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962).

The Texas Supreme Court has addressed the finality of a judgment that disposes of fewer than all of the defendants where not all of the defendants had been served. *See Fair Oaks Hous. Partners, LP v. Hernandez*, 616 S.W.3d 602, 605 (Tex. App.—Houston [14th Dist.] 2020,

no pet.) (citing *Penn*, 363 S.W.2d at 232). In *Penn*, the trial court granted summary judgment expressly disposing of all parties named in the petition except one, who had never been served and did not file an answer. 363 S.W.2d at 232. The Texas Supreme Court noted that because there was nothing in the record to indicate that the petitioner ever expected to obtain service on the remaining defendant, "the case stands as if there had been a discontinuance" as to that defendant and the judgment should be "regarded as final for the purposes of appeal." *Id*. The *Penn* standard is summarized as a three-factor test that provides a judgment is final for the purposes of appeal when: (1) the judgment expressly disposes of some, but not all, defendants; (2) the only remaining defendants have not been served or answered; and (3) nothing in the record indicates the plaintiff ever expected to obtain service on the unserved defendants.[1] *Hernandez*, 616 S.W.3d at 605 (citing *Penn*, 363 S.W.2d at 232).

Applying the *Penn* factors to the record of this case, it is undisputed that the trial court's summary-judgment order expressly disposes of the Knutzen Parties but does not dispose of the additional defendants named in the live petition (collectively, the Knutzen Heirs). *See Penn*, 363 S.W.2d at 232. Because the order specifically defines "Defendants" to include only the

---

[1] After deciding *Penn*, the Texas Supreme Court issued *Lehmann v. Har-Con Corporation,* which instructs that a judgment issued without a conventional trial is final for purposes of appeal if it actually disposes of all claims and parties then before the court, regardless of its language, or states with unmistakable clarity that it is a final judgment as to all claims and all parties. 39 S.W.3d 191, 192–93, 200, 204 (Tex. 2001). The Texas Supreme Court clarified that "*Penn* was not overruled, expressly or otherwise, by *Lehmann*." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex. 2004) (per curiam). Absent a clear holding from the Texas Supreme Court overruling *Penn*, or a statutory directive, we are bound by existing precedent. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Texas Supreme] Court." (internal citation omitted)); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin, 2004, no pet.) (explaining that intermediate appellate courts must follow Texas Supreme Court precedent unless and until the high court overrules them and cannot mold Texas law as we see fit).

2

Knutzen Parties, the recitation that the Foundation "have and recover nothing from Defendants" explicitly does not dispose of the Knutzen Heirs. The trial court also did not include the Knutzen Heirs as defendants in the case caption of the order; in contrast, the Foundation included the Knutzen Heirs as defendants in the case caption of its pleadings. The record also affirmatively supports the second *Penn* factor, that the Knutzen Heirs, the remaining defendants, had not been served or answered. *See id.*

Addressing the third *Penn* factor, the record demonstrates that the Foundation intended to serve the Knutzen Heirs and continue the lawsuit with the Knutzen Heirs joined as defendants. *See id.* The Foundation filed its first amended petition nine days before the summary-judgment motions were heard by submission and ten days before the trial court entered its summary-judgment order.[2] *See In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (explaining that failure to effect service of process against unserved defendant does not, by itself, demonstrate lack of intent to serve defendant). In the first amended petition, the Foundation requested issuance of citation and service of process on each Knutzen Heir and the Foundation provided the addresses where individual Knutzen Heirs could be served. The Foundation alleged that the Knutzen Heirs own undivided interests in Lot 4, Block 13, and were thus necessary and indispensable parties in the lawsuit. *See V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App. —Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) (explaining that petitioner intended to obtain service upon additional defendant because petitioner asserted claims against additional defendant in amended petition and provided address where additional defendant could be served). *But cf. M.O.*

---

[2] The trial court entered the summary-judgment order a little more than two months after the date when the original petition was filed.

*Dental Lab*, 139 S.W.3d at 674 (explaining that summary-judgment order was final because petitioner did not provide address of unserved defendant or request citation and did not complain to trial or appellate courts). The Foundation complained in its motion for new trial that the summary-judgment order was "not dispositive" to the Knutzen Heirs, who were indispensable parties, and the Foundation continues to argue that the Knutzen Heirs are necessary parties on appeal. Because the record demonstrates that the Foundation did not wish to discontinue its suit against the Knutzen Heirs but rather wished to continue it, I do not conclude that the trial court's summary-judgment order constituted a final, appealable judgment. *See Penn*, 363 S.W.2d at 232; *M.O. Dental Lab*, 139 S.W.3d at 674.

This Court lacks jurisdiction to hear an appeal of an interlocutory order unless expressly authorized by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Because the trial court's summary-judgment order is not an order that is made appealable by statute, *see* Tex. Civ. Prac. & Rem. Code § 51.014 (Appeal from Interlocutory Order), I would dismiss this appeal for want of jurisdiction, *see* Tex. R. App. P. 42.3(a), 43.2(f).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed: November 30, 2023