Larry L. BOBBITT, Brenda Kistler, and Al Grice, Petitioners,

v.

Dr. Don C. STRAN and Robert Jaffee, Respondents.

No. 00–0774.

Supreme Court of Texas.

April 26, 2001.

L. T. "Butch" Bradt, J. Anthony Hale, J. Anthony Hale, Houston, for Petitioners.

James A. Gieseke, James A. Gieseke & Associates, Bradley L. DeLuca, Johnson Finkel DeLuca & Kennedy, Houston, for Respondents.

PER CURIAM.

Five minority shareholders in a corporation sued the corporation and four other defendants for misrepresentation and breach of fiduciary duty. At some point it appears that three of the plaintiffs also asserted a derivative claim on behalf of the corporation. Three of the defendants counterclaimed against one of the plaintiffs, and one defendant filed a cross-claim

against another defendant. The trial court signed an order granting "partial summary judgment" for one of the defendants on the claims of three of the plaintiffs. The order contained the "Mother Hubbard" clause: "All relief not expressly granted herein is denied." Two months later the trial court signed another order granting summary judgment for another defendant on the claims of the same three plaintiffs and on derivative claims on behalf of the corporation. The three plaintiffs appealed from this latter order, and the court of appeals dismissed the appeal as untimely, holding that the earlier order was a final judgment in the case because of the "Mother Hubbard" clause. Although the court of appeals attempted to follow our decision in *Inglish v. Union State Bank*, 945 S.W.2d 810 (Tex.1997), our more recent decision in *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2001), dictates that the earlier order was not a final judgment. On the contrary, the judgment appears on its face to have been interlocutory. However, so did the later judgment from which appeal was taken, which also did not dispose of all claims and parties. Claims by the plaintiffs against some or all of the defendants, counterclaims by three defendants against one of the plaintiffs, and a cross-claim all appear to have remained pending. Thus, the court of appeals was correct to dismiss the appeal, though not because the appeal was not timely perfected, but because the judgment appealed from was not final. The court of appeals' judgment of dismissal was correct, but its opinion holding that the earlier order was final was incorrect, and we disapprove it. Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we grant the petition for review and

affirm the judgment of the court of appeals.