In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00085-CV
______________________________


ARTHUR JOHNSON, Appellant
 
V.
 
SGT. ROBERTS, ET AL., CITY OF HOUSTON, ET AL.,
REYES, ALFRED, ET AL., LEE P. BROWN, ET AL.,
C. O. BRADFORD, ET AL., CHIEF & MAYOR, Appellees


                                              

On Appeal from the 189th Judicial District Court
Harris County, Texas
Trial Court No. 2001-52637


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Arthur Johnson appeals from a summary judgment that ended his lawsuit against
the appellees because he had not timely provided the notice required under the Tort
Claims Act—and its application through the Houston City Charter.


 
          A party may normally appeal only from final orders or judgments. Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is not final unless it disposes
of all pending parties and claims in the record. Guajardo v. Conwell, 46 S.W.3d 862,
863–64 (Tex. 2001) (per curiam). An order that disposes of claims by only some of
multiple plaintiffs does not adjudicate claims by the other plaintiffs. Bobbitt v. Stran, 52
S.W.3d 734, 735 (Tex. 2001); see Lehmann, 39 S.W.3d at 205. When—as in this
case—only three of five defendants move for summary judgment, only a partial summary
judgment could properly be rendered by the court. See Lehmann, 39 S.W.3d at 205–06. 
          The motion for summary judgment was filed by counsel on behalf of Lee P. Brown,
C. O. Bradford, and Alfred Reyes. The judgment itself specifically renders judgment only
in favor of Lee Brown, C. O. Bradford, and Alfred Reyes. It does not purport to address
claims made by Johnson against either the City of Houston or Sgt. Roberts. As such, the
judgment does not purport to dispose of all issues and parties in the case and contains no
clear indication that the trial court intended to completely dispose of the entire case. See
id.
          The summary judgment is interlocutory. We, therefore, have no jurisdiction over this
appeal.
          We dismiss the appeal for want of jurisdiction.
 
 
                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      February 24, 2006
Date Decided:         May 11, 2006