Jerry R. HENDERSON, Appellant,

v.

**SOUTHERN FARM BUREAU INSURANCE COMPANY,** et al., Appellees.

No. 06–12–00014–CV.

Court of Appeals of Texas, Texarkana.

Submitted: May 21, 2012.

Decided: June 8, 2012.

Review Denied Sept. 21, 2012.

Edward L. Merritt III, Jessica M. La-Rue, Harbour, Smith, Harris & Merritt, PC, Longview, for appellant.

John D. Crisp Jr., J. David Crisp, Crisp & Freeze, Texarkana, for Maria De Los Angeles Guerrero.

Dick Davis, Howard & Davis, PC, Tyler, for Texas Farm Bureau Casualty Ins. Company.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Jerry R. Henderson alleges that his signature was forged in the settlement of one of his claims and, therefore, a purportedly agreed motion to dismiss was granted without his knowledge, consent, or participation. He appeals the dismissal with prejudice of the Estate of Melchor Guerrero and Texas Farm Bureau Casualty Insurance Company.[1] Henderson had sued

---

1. The insurance company is referred to in places in the record as "Southern Farm Bureau Casualty Insurance Company" and "Texas Farm Bureau Casualty Insurance Compa-

the Estate, Texas Farm, Pilgrim's Pride Corporation, and Leonardo Campos Serafin for claims arising out of a multiple vehicle traffic accident. In February 2010, Henderson's attorney filed a joint motion to dismiss the Estate and Texas Farm pursuant to a settlement agreement. The trial court dismissed the claims against the Estate and Texas Farm with prejudice, leaving pending the claims against Pilgrim's Pride[2] and Serafin. The dismissals were not severed from the pending claims. On August 30, 2011, Henderson filed a motion to set aside the orders of dismissal alleging that his attorney had failed to give him notice of the dismissal, that he had not consented to the settlement agreements or the dismissals, that his signature had been forged on the settlement agreement, and that he had not received any settlement proceeds or otherwise ratified the agreement. On October 14, 2011, the trial court denied the motion, finding it lacked jurisdiction to set aside the dismissal orders. On November 2, 2011, the trial court severed the dismissals from the pending claims against Pilgrim's Pride and Serafin.

Henderson has appealed, raising two issues.[3] Henderson argues the trial court erred in concluding it lacked plenary jurisdiction over parties that were dismissed with prejudice when the dismissals were not severed from the unadjudicated causes of action. Second, Henderson argues the trial court erred in not setting aside the dismissals. Because the trial court had jurisdiction over the dismissals and the record has not been fully developed, we reverse and remand for further proceedings.

## I. The Trial Court Had Jurisdiction to Vacate the Dismissals

Henderson argues the trial court erred in concluding it lacked jurisdiction over the dismissals. According to Henderson, because a final judgment had not been rendered, the trial court still had jurisdiction and could vacate or modify prior interlocutory orders. The Estate and Texas Farm argue the trial court lacked subject matter jurisdiction because the dismissals were final judgments, the trial court's plenary jurisdiction had expired, and any order setting aside the dismissals would be void.

■ The Estate and Texas Farm argue when a judgment becomes final for the purposes of appeal is not relevant. The Estate cites *Street v. Honorable Second Court of Appeals* for its discussion, noting "[t]he term 'final judgment' applies differently in different contexts." 756 S.W.2d 299, 301 (Tex.1988). While the term "final judgment" may have different meanings in different contexts, the dispute in this case depends on when the judgment becomes final for purposes of appeal. A trial court retains plenary power over its judgment until that judgment becomes final for the purposes of appeal. TEX.R. CIV. P. 329b; *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993); *see Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). Because the expiration of the plenary power depends on when the judgment becomes final for purposes of appeal, a trial court's

---

ny." The insurance company notes in its brief that Texas Farm Bureau Casualty Insurance Company assumed all business of Southern Farm Bureau Casualty Insurance Company effective January 1, 2009. We will refer to this company as Texas Farm. This company provided Henderson's uninsured motorists insurance.

2. The record contains a notice that Pilgrim's Pride had filed a Chapter 11 bankruptcy. A stay order was entered by the bankruptcy court to complete this litigation.

3. The Estate and Texas Farm have filed briefs, but neither Serafin nor Pilgrim's Pride have filed briefs.

jurisdiction depends on whether a final judgment for purposes of appeal has been rendered.[4]

A plaintiff may settle with one or more defendants and still retain a cause of action as to those remaining. *McMillen v. Klingensmith*, 467 S.W.2d 193, 196 (Tex. 1971). A final judgment is one that disposes of all parties and all issues in a lawsuit.[5] *Lehmann*, 39 S.W.3d at 200; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982) (per curiam). To be a final judgment, it must determine rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Holtzman v. Holtzman*, 993 S.W.2d 729, 732 (Tex.App.-Texarkana 1999, pet. denied).

The general rule is that an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972); *see also Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex.1995) (per curiam) (partial summary judgment becomes final

upon disposition of other issues in case); *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 322 (Tex.App.-Houston [14th Dist.] 2011, no pet.); *Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 350 (Tex.App.-Dallas 2007, pet. denied); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877, 879 n. 6 (Tex. App.-Houston [1st Dist.] 2006, no pet.). The Texas Supreme Court has recently reaffirmed the continued validity of *Webb. Roccaforte v. Jefferson County*, 341 S.W.3d 919, 924 (Tex.2011). Until an interlocutory judgment becomes merged into a final judgment, it is not final and may be set aside by the trial court in its discretion.

The Estate and Texas Farm argue that none of the cases cited by Henderson involve a voluntary dismissal and claim this rule is restricted to summary judgments. They argue that a voluntary dismissal is a final judgment regardless of whether all parties and all claims are disposed of. The Estate and Texas Farm cite ample authority that a voluntary dismissal pursuant to a settlement agreement that has become final should be with prejudice and bar any subsequent litigation.[6] The Estate and

---

**4.** The Estate also cites Justice Baker's concurrence in *Lehmann*. In his concurrence, Justice Baker stated, "How finality of different types of judgments is determined must be governed by the *nature* of the judgment." *Lehmann*, 39 S.W.3d at 219 (Baker, J., concurring). Justice Baker, though, was discussing the different presumptions of finality, such as the presumption of finality after a trial on the merits, rather than different meanings for the term "final judgment." *Id.* The Estate also argues *Lehmann* should be limited to summary judgments. As Justice Baker's concurrence specifically acknowledges, the majority opinion in *Lehmann* does not make any such limitation. *Id.* at 200; *see Lehmann*, 39 S.W.3d at 219 (Baker, J., concurring).

**5.** We note an exception may exist if some of the defendants have not been served. A judgment is final for purposes of appeal when (1) a judgment expressly disposes of some, but

not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants, such that the case "stands as if there had been a discontinuance" as to the unserved defendants. *In re Sheppard*, 193 S.W.3d 181, 187 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding); *see also M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 674–75 (Tex.2004) (per curiam); *In re Miranda*, 142 S.W.3d 354, 357 (Tex.App.-El Paso 2004, orig. proceeding). However, this exception does not apply in this case because there were pending claims against defendants who had been served.

**6.** *Stubbs v. Patterson Dental Labs.*, 573 S.W.2d 274, 277 (Tex.Civ.App.-Eastland 1978, no writ); *Rhoades v. Prudential Leasing Corp.*, 413 S.W.2d 404, 407 (Tex.Civ.App.-Austin 1967, no writ); *Dollert v. Pratt–Hewit Oil*

Texas Farm, though, fail to cite any authority that a voluntary dismissal is a final judgment regardless of pending claims against other parties.

■ As argued by the Estate, the Texas Supreme Court has recognized that a voluntary dismissal with prejudice is an appropriate procedural device to effectuate a settlement agreement. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). The estate cites *Travelers* for support of its argument that any conclusion other than that the dismissal with prejudice is final would "undercut ... decades of legal practice and the finality of perhaps tens of thousands of settlements and dismissals entered in multi-party lawsuits throughout this state." In *Travelers*, the plaintiff had filed a nonsuit requesting dismissal without prejudice, but the trial court signed an order dismissing with prejudice. *Id.* The plaintiff failed to directly attack the dismissal and the judgment became final. *Id.* The Texas Supreme Court held that res judicata barred a collateral attack. *Id. Travelers* is distinguishable from this case because a final judgment had been rendered in that case. The Texas Supreme Court stated the contested issue is whether "prior final determination on the merits" occurred. *Id.* at 862. Further, in concluding the collateral attack was inappropriate, the Texas Supreme Court stated that "[h]ad the trial court set aside the judgment, either by timely motion for new trial or by bill of review, Joachim's underlying claim would no longer be barred by res judicata, as there would no longer be a final determination on the merits." *Id. Travelers*, which concerned a voluntary dismissal that had become final, does not hold that a voluntary dismissal is always a final judgment.

*Corp.*, 179 S.W.2d 346, 347 (Tex.Civ.App.-San

The Texas Supreme Court has recognized that a voluntary dismissal can be an interlocutory order. The interlocutory order in *Webb* was a voluntary dismissal of a party. *See Webb*, 488 S.W.2d at 409 (amendment of pleadings). The Texas Supreme Court held that the voluntary dismissal was an interlocutory order that did not become final until it merged with the final judgment. *Id.* The court stated that "[s]ince the trial court did not sever the cause against the hospital from the rest of the case, the interlocutory judgment did not become a final judgment until it was merged into the final judgment...." *Id.* at 408–09. However, as noted by Texas Farm, the voluntary dismissal in *Webb* was not a voluntary dismissal with prejudice pursuant to a settlement agreement.

The Beaumont Court of Appeals, though, has held in dicta that the rule the Texas Supreme Court applied to voluntary dismissals without prejudice in *Webb* applies to voluntary dismissals with prejudice. *Darden v. Kitz Corp.*, 997 S.W.2d 388, 392–93 (Tex.App.-Beaumont 1999, pet. denied). The Beaumont court noted a voluntary dismissal with prejudice "is binding and will support a plea in bar if the plaintiff seeks to revive his action against the dismissed defendant" and "effectively removes the dismissed party from the litigation." *Id.* The court, however, noted:

> Absent a severance, so long as any issues and parties remained in controversy, the order was interlocutory and could be withdrawn by the trial court. *See Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex.1972) (defendant dismissed without prejudice could be re-joined in suit provided limitations had not run); *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.-Houston [14th Dist.] 1992, writ denied) (dismissal merged with decree to make judgment final); *City of Houston*

Antonio 1944, writ ref'd w.o.m.).

v. *Socony Mobil Oil Co.*, 421 S.W.2d 427, 430 (Tex.Civ.App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.) ("Once an interlocutory summary judgment is entered, the issues decided cannot be further litigated unless the judgment is set aside by the trial court, or unless the summary judgment is reversed on appeal. An interlocutory summary judgment is not appealable until a final judgment is entered disposing of all parties and issues in the cause.").

*Id.* (noting, though, the order had not been withdrawn).

Further, the Estate and Texas Farm's position would result in multiple final judgments in a single lawsuit. The general rule is that there can only be one final judgment in a case. TEX.R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."); *Lehmann*, 39 S.W.3d at 192. The Estate and Texas Farm had not provided us with any authority that a dismissal with prejudice is an exception to the One Judgment Rule and we are not aware of any.[7]

■ Texas Farm alternatively argues that the language of the dismissal effectuated a severance. The dismissal provides, "It is further ORDERED that the style of this case shall now be *Jerry R. Henderson v. Pilgrim's Pride Corporation and Leonard Campos Serafin.*" Severance involves a division of the suit into two or more actions, each of which may proceed to a final appealable judgment independently of the other. *See Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78 (1959). The language of the order does not indicate any intent to divide the lawsuit into two or more suits, each with its own docket number and file. Rather, the language merely expresses an intent to remove the names of the dismissed defendants from the title of the lawsuit. The language does not indicate an intent to divide the lawsuit, but rather merely an amendment of the parties. Severance cannot be accomplished by implication. *Howard Gault & Son, Inc. v. First Nat'l Bank of Hereford*, 523 S.W.2d 496, 499 (Tex.Civ.App.-Amarillo 1975, no writ). We reject the argument that a severance was impliedly granted by the order of dismissal.

■ The trial court retains jurisdiction over the case until a final judgment is rendered disposing of all parties and issues. *Lehmann*, 39 S.W.3d at 200. It is well established that an order disposing of claims against only one of multiple parties does not adjudicate claims between all the parties. *Bobbitt v. Stran*, 52 S.W.3d 734 (Tex.2001); *Lehmann*, 39 S.W.3d at 205; *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984) (per curiam). Although an otherwise final judgment which fails to dispose of all parties may become final when a severance is granted,[8] the dismissals had not been severed. The trial court had plenary jurisdiction over the dismissals when it considered Henderson's motion to set aside.[9]

7. Exceptions have been recognized for probate and receiver cases. *Lehmann*, 39 S.W.3d at 192 n. 1; *Lavender v. Lavender*, 291 S.W.3d 19, 21 (Tex.App.-Texarkana 2009, no pet.).

8. *See, e.g., Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex.1994) (per curiam); *see also* TEX.R. CIV. P. 41.

9. The Estate alternatively argues that Henderson lacked standing because there is "no real or live controversy to adjudicate." The general test for standing in Texas requires that there "(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993) (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155

## II. Trial Court's Discretion

Henderson, in his second issue, argues the trial court erred in refusing to set aside the dismissals. Although the trial court stated it lacked jurisdiction to grant the motion to set aside, the trial court's judgment stated that the defendants acted in good faith and without knowledge of Henderson's lack of consent. Henderson argues these findings are insufficient to support the denials. The Estate and Texas Farm argue, as a matter of law, that Henderson is not entitled to have the dismissals set aside and his sole remedy is to pursue recourse against his former attorney. Henderson counters that the Estate and Texas Farm likewise have remedies for fraud against the attorney.

Henderson cites *Burnaman v. Heaton,* in which the Texas Supreme Court held a court should not grant a consent judgment when one party does not consent. 150 Tex. 333, 240 S.W.2d 288, 291 (1951). We agree with the Estate that *Burnaman,* which concerned consent judgments, is distinguishable from the facts of this case. In *Burnaman,* the trial court had knowledge that the plaintiff did not personally consent to the agreement for a judgment before the judgment was entered.

 The trial court is allowed broad discretion in deciding whether to set aside the judgment and reinstate the case.

Whether the plaintiff's signature was forged is a matter the trial court may want more fully developed in deciding that question.[10] Consequently, we overrule Henderson's argument that the trial court was required, under the facts before it, to reinstate the case, but instead we will remand to the trial court to exercise its discretion in determining whether to reinstate the case. In so doing, the trial court may want a further inquiry into the facts of the alleged forgery.[11]

The appellees argue that several other issues require the trial court to deny the motion to reinstate. They have raised issues regarding agency, apparent and real authority of the attorney, and ratification, among others. Since the trial court found that it had no jurisdiction to consider setting aside the orders of dismissal, it necessarily could not have addressed these issues on the merits in determining to deny the motion. Therefore, we will not attempt to address or resolve those matters, but leave them to the trial court's consideration.

Because the dismissals had not become final for the purposes of appeal at the time the motion to set aside was filed, the trial court still had jurisdiction to consider granting a new trial or reinstatement of the case. Henderson further requests that we render judgment that the trial court

Tex. 111, 283 S.W.2d 722, 724 (1955)); *see State Bar of Tex. v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). The Estate argues there is no real controversy because (1) the issues alleged are incapable of being satisfactorily established and (2) the trial court's jurisdiction expired 535 days before Henderson filed his motion to set aside. Henderson has presented some evidence in support of his position and the expiration of the trial court's jurisdiction depended on the severance, not the interlocutory dismissal.

10. We note the trial court stated that it "accepts, as true," a number of facts alleged by

Henderson, including that Henderson's signature on the agreement was forged and that Henderson did not receive any of the settlement funds. We do not believe the "accepts, as true" indicates an intent to make a factual finding.

11. Henderson attached an affidavit to his motion to set aside in which he asserts that the signature on the settlement agreement is not his. The record also contains another affidavit attached to the motion for new trial in which the notary public states she did not consent to the use of her seal, and the signature on the settlement agreement is not hers.

**8**

erred in refusing to set aside the dismissals and alternatively requests that we reverse and remand. We are unable to render judgment on the record of this case.

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.